IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WISH ATLANTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 4:14-CV-00051-CDL |
| CONTEXTLOGIC, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CONTEXTLOGIC'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Contextlogic, Inc. ("Contextlogic"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56, respectfully submits this statement of facts as to which there is no genuine issue of fact remaining to be tried in support of its motion for partial summary judgment on several of the counts and claims of the Plaintiff, Wish Atlanta, LLC ("Wish Atlanta").

**BACKGROUND INFORMATION CONCERNING WISH ATLANTA**

1. Wish Atlanta is a Georgia corporation with its principal place of business in Atlanta, Georgia. (ECF 1 at 1).

2. Wish Atlanta holds a federal registration for the following design mark (the "Wish Atlanta Mark"):

 (ECF 1 at 1 and at 1-1 at 4).

3. Wish Atlanta has used the Wish Atlanta Mark in connection with its goods and retail store services since 2004. (ECF 1 at 2, ¶ 4).

4. Wish Atlanta has used the Wish Atlanta Mark in connection with a website, www.wishatla.com, since 2010. That website offers for sales goods similar to those offered through Wish Atlanta's retail store. (ECF 1 at ¶ 4).

5. Wish Atlanta offers "Street Wear" clothing, sportswear and accessories targeted to African American males in the Atlanta market. (Maronick Report, App. Tab 6 at 3; Amos Dep., App. Tab 1 at 47-48).[1]

6. Wish Atlanta's gross sales are set out, by year, in the Confidential Appendix at Tab 1.

7. Wish Atlanta's sales and promotions expenses are set out, by year, in the Confidential Appendix at Tab 2.

8. Wish Atlanta has commissioned a consumer survey in an effort to determine the strength of the Wish Atlanta Mark. (Maronick Report, App. Tab 6).

9. The survey concluded that 13% of the consumers in Wish Atlanta's target market, African American males in Atlanta interested in purchasing "Street Wear" clothing and accessories, associate the word "wish," in connection with retail store services, with Wish Atlanta. (App. Tab 6 at 8).

**BACKGROUND FACTS CONCERNING CONTEXTLOGIC**

10. Contextlogic is a Delaware corporation with its principal place of business in San Francisco, California. (Declaration of Szulczewski, App. Tab 4 at ¶ 3).

11. Beginning in November 2011, Contextlogic began operating a website located at www.wishwall.me. Since November 2012, after it acquired the domain name www.wish.com, it

---

[1] Supporting documents and excerpts of deposition testimony are contained in an appendix submitted with this Statement of Facts and in a confidential appendix, filed under seal.

has operated its website at the www.wish.com address (the "Wish Website"). In April 2012, Contextlogic began offering an app under the mark WISH® (the "Wish App"). (*Id*. at ¶¶ 4, 7).

12. The Wish App is identified by this logo:

 (App. Tab 10 at Ex. C).

13. The Wish App also uses the mark WISH® in the following design:

 (App. Tab 10 at Ex. C).

14. The Wish App offers many of the functions available to a user over the Wish Website. (Szulczewski Decl., App. Tab 4 at ¶ 8).

15. Millions of users have downloaded the Wish App since it was first offered. (*Id*. at ¶ 10).

16. The Wish App and the Wish Website allow users to, among other things, discover, collect and inform others about products shown on the website or the app. A user may, for example, compile a "wish list" of products that he or she shares with others. (*Id*. at ¶¶ 5 and 8).

17. The Wish App and the Wish Website function as a virtual shopping mall. Users may see and purchase everything from maternity clothing to home décor to clothing and fashion, fishing equipment and even kitchen sinks. (*Id*. at ¶ 9).

18. The Wish App and the Wish Website identify the supplier of the product the user is considering. (*Id*. at ¶ 6).

19. The Wish App became more popular than the Wish Website soon after the Wish App was first offered. Currently 90% or more of the transactions facilitated by Contextlogic are conducted through the Wish App rather than through the Wish Website. Contextlogic has not promoted consumer use of the Wish Website since it launched the Wish App. (*Id*. at ¶ 11).

20. Only about one third of the registered users of the Wish App reside in the United States. (*Id*. at ¶ 12).

21. The Wish App and the Wish Website are targeted primarily at women. 60-65% of transactions that take place through the Wish App or the Wish Website are by women. (*Id*. at ¶ 13).

22. In March 2012, Contextlogic filed an application to register the mark WISH with the United States Patent and Trademark Office. A copy of the file history of that application is included in the Appendix at Tab 7.

23. The Trademark Examiner objected to portions of the descriptions of goods and services identified by Contextlogic in its application because of an existing trademark registration for the mark WWHISH®, a registration held by a company other than Wish Atlanta. (App. Tab 7 at 13-14).

24. The Trademark Examiner did not object to Contextlogic's application based on Wish Atlanta or the Wish Atlanta Mark, which was registered at the time the Trademark Examiner conducted her examination of Contextlogic's trademark application. (*Id*.).

25. In response to the Trademark Examiner's objection, Contextlogic deleted from its description of goods and services those portions of the description to which the Trademark Examiner had objected. (App. Tab 7 at 23-25).

26. Contextlogic's application matured to Reg. No. 4,340,974, which was registered May 28, 2013, a copy of which is included in the Appendix at Tab 8.

27. Contextlogic was not aware of Wish Atlanta or the Wish Atlanta Mark at the time it filed its trademark application or during the time that it prosecuted that trademark application. (*See* Szulczewski Decl., App. Tab 4 at ¶ 14, indicating no knowledge of Wish Atlanta or its trademark until February 2014, and Contextlogic's registration certificate for its WISH® mark, App. Tab 8, showing a registration date of May 28, 2013).

**EVENTS LEADING TO THE PRESENT DISPUTE**

28. Wish Atlanta alleges that, beginning in November 2013, it began receiving occasional telephone calls from customers that Wish Atlanta believes were attempting to contact Contextlogic. (Deposition of Craig Maddux, App. Tab 3 at pp. 11-12).

29. Wish Atlanta typically receives a total of between 15-30 telephone calls per day, increasing to between 20-40 telephone calls per day during the busy months of November and December. (Deposition of Jasmine Boston, App. Tab 2 at pp. 9-10).

30. Wish Atlanta has identified 39 phone calls, received by Wish Atlanta between October 2014 and March 2015 that were allegedly meant for Contextlogic. (Conf. App, Tab. 3, Deposition Exhibits 8 and 39).

31. Wish Atlanta has alleged additional misdirected telephone calls but cannot identify when the calls were received or who the callers were. (Supplemental Answer to Interrogatory No. 1, App. Tab 5; Boston Dep., App. Tab 2 at 31-34, Maddux Dep., App. Tab 3 at 19).

32. Wish Atlanta also alleges that approximately once or twice per month someone visits its Atlanta store and asks if that store is affiliated with the Wish App. (Supplemental Answer to. Interrogatory No. 1, App. Tab 5).

33. Wish Atlanta cannot identify any sale that it lost to Contextlogic as a result of Contextlogic using its WISH® mark. (Answer to Interrogatory No. 7, Conf. App. Tab 4 at p. 7 [failing to identify any such sales]; Plaintiff's Initial Disclosures, App. Tab 11 at 3 [failing to specify any lost sales]; Amos Dep., App. Tab 1 at 54-55 [failing to identify any lost sales]).

34. Wish Atlanta cannot identify any sales that Contextlogic made that would otherwise have been made by Wish Atlanta. (*Id.*)

35. Wish Atlanta cannot identify any sales that Contextlogic made as a result of trading on the goodwill that Wish Atlanta may have in the Wish Atlanta Mark. (*Id.*).

36. Both Wish Atlanta's in-store and its internet sales have increased during the time that Contextlogic began offering its Wish App in 2012. (*See* Confidential Appendix at Tab 1, comparing 2012 sales to those made in 2013 and 2014, after the alleged wrongful conduct began).

Respectfully submitted this 15th day of June, 2015.

                                               */s/ Dwight D. Lueck*
                                               Dwight D. Lueck (pro hac vice)
                                               BARNES & THORNBURG, LLP
                                               11 South Meridian Street

Indianapolis, IN 46204
Tel. (317) 231-1313
Email: dwight.lueck@btlaw.com

Jeffrey C. Morgan
Georgia Bar No: 522667
BARNES & THORNBURG, LLP
Prominence in Buckhead
3475 Piedmont Rd. NE, Suite 1700
Atlanta, Georgia 30305
Tel. (404) 264-4015
Fax. (404) 264-4033
Email: jeff.morgan@btlaw.com

Robert C. Martin, Jr.
Georgia Bar No: 473886
HATCHER STUBBS
233 12th Street, Suite 500
P.O. Box 2707
Columbus, GA 31902-2707
Tel. (706) 243-6239
Fax (706) 322-7747
Email: rcm@hatcherstubbs.com

ATTORNEYS FOR DEFENDANT
CONTEXTLOGIC, INC.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WISH ATLANTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 4:14-CV-00051-CDL |
| CONTEXTLOGIC, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2015, the undersigned caused a true and correct copy of this ***Contextlogic's Statement of Facts in Support of Its Motion for Partial Summary Judgment*** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

F. Lee Champion, III
Travis C. Hargrove
PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
1111 Bay Avenue, Third Floor
Columbus, Georgia 31901

/s/ *Dwight D. Lueck*
Dwight D. Lueck (pro hac vice)

Attorney for Defendant
Contextlogic, Inc.

INDS02 DDL 1373727v1