# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION


WISH ATLANTA, LLC,

           Plaintiff,

 vs.                     CASE # 4:14-CV-00051(CDL)


CONTEXTLOGIC, INC.,

           Defendant.




VIDEO DEPOSITION of LAUREN AMOS

February 26, 2015

9:00 a.m.

Barnes & Thornburg, LLP

3475 Piedmont Road, NE

Atlanta, GA   30305

Lucy C. Rateau, CCR, RPR

1      **A.   I see that sentence.**

2      Q.   And then going down to the summary of

3    opinion toward the middle of the page, the expert

4    writes, "The results of consumers in the target

5    market for streetwear clothing and sportswear in the

6    Atlanta market, namely African-American males over

7    18, show that 27.8 percent of the respondents in the

8    target market associate the name Wish with a

9    particular retailer."  Do you see that?

10     **A.   I see that.**

11     Q.   So you understand that the target market in

12   this case is the market for streetwear clothing and

13   sportswear in the Atlanta area, correct?

14          MR. HARGROVE:  Object to the form.

15     **A.   What?**

16          MR. HARGROVE:  Answer if you can.

17     **A.   Oh.   Could you restate the question?**

18   BY MR. LUECK:

19     Q.   You understand that the target market in

20   this case is the market for streetwear clothing and

21   sportswear in the Atlanta area?

22          MR. HARGROVE:  Same objection.

23     **A.   It says the survey of customers in the**

24   **target market for streetwear clothing and sportswear**

25   **in the Atlanta market, namely African-American males**

Wish Atlanta vs. Contextlogic      Lauren Amos

1   **over the age of 18, shows that 27 percent of the**

2   **respondents in the target market associate the name**

3   **Wish with a particular retailer."**

4     Q.  You understand that the target market at

5   issue is that target market, correct?

6     **A.  Correct.**

7     MR. HARGROVE:  Object to the form.

8     **A.  I don't know.**

9   BY MR. LUECK:

10     Q.  Turn to page nine of the report.

11   If you look at the top of page nine, there's Table

12   5.  This is identifying folks who have been

13   contacted in the survey, and those folks are

14   identifying a particular organization being

15   connected with Wish.  The second is Wish Atlanta.

16   Do you see that?

17     **A.  Yes.**

18     Q.  And you understand that to be you, correct?

19     **A.  Okay, yes.**

20     Q.  The seventh is Wish App-Shopping Made Fun.

21   Do you see that?

22     **A.  I see that.**

23     Q.  Do you understand that to be my client, the

24   Defendant?

25     **A.  Yes.**

Wish Atlanta vs. Contextlogic          Lauren Amos

1    Wish Atlanta, LLC store use the word "wish" in them?

2        A.   No.

3        Q.   I'll ask you to turn your attention back to

4    Defendant's Exhibit 4, the responses and objections

5    to interrogatories.

6        A.   Yes, I see it.

7        Q.   And in particular turn to the

8    second-to-the-last page, which is interrogatory

9    number seven.

10       A.   Okay.

11       Q.   That interrogatory asks to identify each

12   sale or potential sale that you contend you have

13   lost as a result of ContextLogic's activities.  And

14   the response is, "It is impossible to ascertain at

15   this stage of discovery the amount lost, and this

16   interrogatory is premature.  Plaintiff will

17   supplement this response as information becomes

18   available."

19            Ms. Amos, can you identify any specific

20   sale that was lost by Wish Atlanta to my client?

21       A.   I don't know.

22       Q.   Can you identify any specific sale that my

23   client made that --

24            MR. LUECK:  (To the Reporter)  I'm sorry.

25   Would you repeat the last question and answer?

Wish Atlanta vs. Contextlogic                    Lauren Amos

1              (Reporter read requested portion.)

2   BY MR. LUECK:

3       Q.  Can you identify any sale that was lost to

4   Wish Atlanta because of the activities of my client

5   which may have gone somewhere else?

6       A.   I don't know.

7       Q.  Can you identify any specific sale that my

8   client made that it would not have made but for the

9   fact that you exist and you have the trademark being

10  asserted against it?

11      A.   I don't know.

12          (Exhibit #36 presented to witness.)

13      Q.   I'm handing you what's been marked

14  Defendant's Exhibit 36.  I'll represent to you that

15  this is a printout from the U.S. Patent and

16  Trademark office database showing a registration for

17  the mark Wish held by ContextLogic, which is my

18  client, the Defendant.  Were you aware that

19  ContextLogic had a registration for the mark Wish?

20      A.   I don't know.

21      Q.   Do you know whether Wish Atlanta took any

22  steps during the prosecution of this trademark

23  registration before the United States Patent and

24  Trademark office to object to ContextLogic's

25  registration of the mark Wish?

Wish Atlanta vs. Contextlogic                 Lauren Amos

1          **A.   I don't know.**

2          Q.   Do you have any evidence that my client

3     committed fraud on the trademark office in obtaining

4     this registration?

5          **A.   I don't know.**

6               MR. LUECK:  Why don't we take a break.

7          **A.   Okay.**

8               VIDEOGRAPHER:  Going off the record.  The

9     time is 10:31.

10              (Recess 10:31 a.m. - 10:39 a.m.)

11              VIDEOGRAPHER:  We are back on the record.

12    The time is 10:39.  You may continue, sir.

13    BY MR. LUECK:

14         Q.   Ms. Amos, are you aware of whether there

15    have been any efforts made by you or others to value

16    the business of Wish Atlanta?

17         **A.   I don't know.**

18         Q.   Would Ms. Sutter know that answer?

19         **A.   I don't know.**

20              MR. LUECK:  I have no further questions.

21         **A.   Thanks.**

22              VIDEOGRAPHER:  This concludes today's

23    deposition.  The time is 10:40.  We are off the

24    record.

25              (Signature reserved.)