# ATTACHMENT
# TO
# REPLY

from such a contributory infringer unless he committed these acts "with knowledge that such imitation is intended to be used to cause confusion."[16] If the infringer is engaged solely in the business of printing the mark for others and proves that he was "innocent," the only relief permitted is an injunction against future printing.[17]

***Remedies Against Publishers and Broadcasters***. If the infringement is a part of paid advertising in a newspaper, magazine or similar periodical or in a radio or television broadcast, and the publisher or distributor of the periodical is "innocent," the only relief permitted is an injunction against presenting such advertising in future issues or in similar broadcasts.[18]

## § 30:90 Monetary recovery for trademark infringement and counterfeiting under the Lanham Act—Power to increase damages or adjust profits—Judicial power to adjust the award

Lanham Act § 35(a), 15 U.S.C.A. § 1117(a), gives a court the discretionary power to:

1. Increase damages up to treble damages; and
2. Increase or decrease an award of profits by any amount if the court finds the profit recovery is "either inadequate or excessive."[1]

The predecessor 1905 Act contained a similar damage

---

[16]Lanham Act § 32(1)(b), 15 U.S.C.A. § 1114(1)(b); Everest & Jennings, Inc. v. E & J Mfg. Co., 263 F.2d 254, 120 U.S.P.Q. 247 (9th Cir. 1958). See §§ 25:28 to 25:29.

[17]Lanham Act § 32(2)(A), 15 U.S.C.A. § 1114(2)(A). See discussion at § 25:29.

[18]Lanham Act § 32(2)(B), 15 U.S.C.A. § 1114(2)(B). See discussion at § 25:29.

**[Section 30:90]**

[1]*Regarding adjustment of profits*, see Deering, Milliken & Co. v. Gilbert, 269 F.2d 191, 194, 122 U.S.P.Q. 355 (2d Cir. 1959) (Profits increased by three times. "[I]t is apparent from the face of the statute that the court in formulating its award has as much discretion as to the defendant's profits as it has over the plaintiff's damages. The only difference is that the statute places no precisely stated ceiling over the amount of the defendant's profits which may be included in the award."); Stuart v. Collins, 489 F. Supp. 827, 208 U.S.P.Q. 657 (S.D. N.Y. 1980) (reducing jury verdict of $350,000 profits to $200,000); Super Duper, Inc. v. Mattel,

increase provision, but there were no reported cases in which judges in fact exercised this power under the 1905 Act.[2]

Appellate courts have generally emphasized that trial judges have wide discretion to exercise the power to modify monetary awards.[3]

A district court must treat an increase in "damages" separately and under a different analysis than an increase in a recovery of the infringer's "profits," because they are authorized by different statutory provisions with different criteria for a judicial increase.[4]

---

Inc., 92 U.S.P.Q.2d 1119, 2009 WL 866461 (D.S.C. 2009), aff'd in part, 2010 WL 2340250 (4th Cir. 2010) (Court disagreed with the jury's award of $400,000 of the infringer's profits and increased it to $999,113.).

[2]*See* Koelemay, "Monetary Relief for Trademark Infringement under the Lanham Act," 72 Trademark Rep. 458, 480 (1982); Aladdin Mfg. Co. v. Mantle Lamp Co., 116 F.2d 708, 48 U.S.P.Q. 268 (7th Cir. 1941).

[3]*See* Playboy Enterprises, Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 216 U.S.P.Q. 1083 (9th Cir. 1982); Holiday Inns, Inc. v. Alberding, 683 F.2d 931, 216 U.S.P.Q. 568 (5th Cir. 1982); Taco Cabana Int'l, Inc. v. Two Pesos, Inc., 932 F.2d 1113, 19 U.S.P.Q.2d 1253, 1264 (5th Cir. 1991), aff'd, 505 U.S. 763, 120 L. Ed. 2d 615, 112 S. Ct. 2753, 23 U.S.P.Q.2d 1081 (1992) (Doubling of damages affirmed: "[W]e acknowledge the trial court's superior capacity to discern the elements of equitable compensation."); BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1096–1097, 1994-2 Trade Cas. (CCH) ¶ 70790 (7th Cir. 1994) (Affirming District Court's refusal to increase a damages award. "A discretionary award is just that—discretionary. The judge made no error of law in his analysis, and his refusal to enter such an award has not been shown to be an abuse of discretion."); U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 45 U.S.P.Q.2d 1027 (6th Cir. 1997) ("Section [35] grants a district court a great deal of discretion in fashioning an appropriate remedy in cases of trademark infringement."); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 53 U.S.P.Q.2d 1929 (10th Cir. 2000) (review of district court's decision not to increase damages is under abuse of discretion standard and was affirmed here).

[4]Thompson v. Haynes, 305 F.3d 1369, 64 U.S.P.Q.2d 1650 (Fed. Cir. 2002) (district court made an award which added the infringer's profits to damages in the form of the trademark owner's lost sales and corrective advertising costs and trebled the resulting total. Court of appeals affirmed the award of the infringer's profits but reversed the trebling of the profits and reversed the award of damages as speculative.).