IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WISH ATLANTA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | |
| ) | 4:14-CV-00051-CDL |
| CONTEXTLOGIC, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**CONTEXTLOGIC'S MOTION IN LIMINE CONCERNING**
**THE TRADEMARK AT ISSUE IN THIS CASE**

Defendant, Contextlogic, Inc. ("Contextlogic") respectfully moves in limine to preclude the Plaintiff, Wish Atlanta, LLC ("Wish Atlanta"), from introducing at trial evidence that it has registered trademarks or has sought registered trademark protection, and that the mark at issue in this case is anything other than the design mark depicted in Wish Atlanta's Complaint.

**I.    WISH ATLANTA SHOULD NOT BE ALLOWED TO INTRODUCE AT TRIAL EVIDENCE THAT IT HOLDS REGISTERED TRADEMARKS OR HAS SOUGHT REGISTERED TRADEMARK PROTECTION FOR THE MARK AT ISSUE IN THE LAWSUIT.**

In its Complaint, Plaintiff, Wish Atlanta, LLC ("Wish Atlanta") alleged infringement of the "Wish Mark", referring the Court to an exhibit showing the following design mark:



(ECF 1 at 1, ¶ 3). Wish Atlanta then specified that it was asserting claims against Contextlogic based on alleged infringement of this mark under Wish Atlanta's common law rights to the trademark arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count One of the

Complaint), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count Two of the Complaint), and alleged dilution of the trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  (ECF 1 at 4-6).  Wish Atlanta did not assert a claim for infringement of any registered trademark.  Any such claim would arise under 15 U.S.C. § 1114.  Wish Atlanta never amended or sought to amend its complaint to assert a claim of registered trademark infringement against Contextlogic.  A claim for registered trademark infringement is not part of this case.

Despite the fact that there is no claim of registered trademark infringement in this case, Wish Atlanta has identified trademark registrations it allegedly holds as trial exhibits in this case. In addition, it seeks to benefit from presumptions available only to an owner of a registered trademark.  By way of example, 15 U.S.C. § 1072 provides that registration of a mark "shall be constructive notice of the registrant's claim of ownership thereof."  In response to Contextlogic's motion for partial summary judgment, Wish Atlanta sought to allege that Contextlogic had knowledge of Wish Atlanta at the time that Contextlogic adopted its own WISH mark because it purportedly had "constructive knowledge of Plaintiff's registered mark."  (ECF 39-1 at 6).

Wish Atlanta's registered trademark is not being asserted against Contextlogic.  As a result, Wish Atlanta cannot benefit from any presumptions that might arise based on the existence of that unasserted registered mark.

In addition, introduction into evidence at trial of registration certificates of unasserted registered trademarks, and any evidence relating to the existence of those unasserted registered trademarks, would not be relevant to the pending dispute.  As a result, that evidence should be barred under Fed. R. Evid. 402.  To the extent Wish Atlanta were to argue that evidence of its registered trademarks might somehow be relevant to its common law claims, this evidence

2

should be barred under Fed. R. Evid. 403 because the probative value of that evidence is substantially outweighed by a danger of unfair prejudice to Contextlogic and confusion of the issues. By way of example, allowing Wish Atlanta to introduce the registration certificate of an unasserted registered trademark could create a question of whether Wish Atlanta has rights based on that unasserted registered trademark.

For all of these reasons, Contextlogic moves the Court to prohibit Wish Atlanta from introducing at trial evidence that it has registered trademarks or has sought registered trademark protection for the mark at issue in this lawsuit.

## II. THE COURT SHOULD ENTER AN ORDER PRECLUDING WISH ATLANTA FROM INTRODUCING EVIDENCE OR ARGUMENT THAT THE MARK AT ISSUE IS ANYTHYING MORE THAN THE DESIGN MARK BEING ASSERTED.

In its Complaint, Plaintiff, Wish Atlanta, LLC ("Wish Atlanta") alleged infringement of this design mark:



(ECF 1 at 1, ¶ 3).

In deposition, Lauren Amos, the owner of Wish Atlanta, LLC, confirmed that this design mark was the trademark at issue in this case.

> Q: So the Wish mark that you're asserting against my client is the trademark that you've built up value [in] the design mark, correct?
>
> A: Yes

(Amos Dep. at 20, Lines 22-25).[1]

---

[1] The written transcript uses the word "and" rather than "in" at line 24. The certified videotape transcript of the deposition makes clear that the word used was "in" rather than "and."

3

There is a distinction in trademark law between a "word mark," which extends protection of that mark to protection of the mark in whatever form it may be depicted, and a "design mark," which extends protection to the mark only in connection with the design element of the mark. For example, in *Corpro Companies, Inc. v. Meier*, 2007 WL 2320625 (M.D. Ga. Aug. 10, 2007), this Court recognized the vastly different scope of protection available to the holder of a design mark. In that case, the plaintiff alleged that defendant infringed the design mark:



by use of the acronym "CCI." In granting summary judgment in favor of defendant on the plaintiff's trademark infringement claim, the Court wrote:

> In evaluating the similarity of marks, the Court considers the "overall impressions that the marks create, including the sound, appearance and manner in which they are used." *Frehling Enters.*, 192 F.3d at 1337. Here, the marks are very different. Plaintiff's mark is a stylized version of the letters CCI. . . . Plaintiff's mark in no way resembles the standard letters "CCI" used by Defendants, typically vertically placed."

2007 WL 2320625 at *4.

Contextlogic will establish, in due course, the vast differences in the commercial impressions created by Wish Atlanta's design mark and Contextlogic's own WISH mark. Wish Atlanta should not, at this late date, be allowed to contend that the mark being asserted against Contextlogic is anything more than the design mark shown in the complaint. Consequently, Contextlogic moves to bar testimony or argument at trial that the trademark being asserted by Wish Atlanta in this lawsuit is anything more than the design mark it identified as the trademark in suit in its complaint. To do otherwise would prejudice Contextlogic by allowing Wish Atlanta to broaden its trademark claim without having complied with the requirements of the Federal Rules for such amendment.

Wherefore, Contextlogic respectfully moves that Wish Atlanta's testimony, evidence and argument be limited accordingly.

Respectfully submitted this 24th day of July, 2015.

                                         /s/ Dwight D. Lueck
                                        Dwight D. Lueck (pro hac vice)
                                        BARNES & THORNBURG, LLP
                                        11 South Meridian Street
                                        Indianapolis, IN 46204
                                        Tel. (317) 231-1313
                                        Email: dwight.lueck@btlaw.com

                                        Jeffrey C. Morgan
                                        Georgia Bar No: 522667
                                        BARNES & THORNBURG, LLP
                                        Prominence in Buckhead
                                        3475 Piedmont Rd. NE, Suite 1700
                                        Atlanta, Georgia 30305
                                        Tel. (404) 264-4015
                                        Fax. (404) 264-4033
                                        Email: jeff.morgan@btlaw.com

                                        Robert C. Martin, Jr.
                                        Georgia Bar No: 473886
                                        HATCHER STUBBS
                                        233 12th Street, Suite 500
                                        P.O. Box 2707
                                        Columbus, GA 31902-2707
                                        Tel. (706) 243-6239
                                        Fax (706) 322-7747
                                        Email: rcm@hatcherstubbs.com

                                        *ATTORNEYS FOR DEFENDANT*
                                        *CONTEXTLOGIC, INC.*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WISH ATLANTA, LLC, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| v. | ) |
| | ) 4:14-CV-00051-CDL |
| CONTEXTLOGIC, INC., | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, the undersigned caused a true and correct copy of this ***Contextlogic's Motion in Limine Concerning the Trademark at Issue in This Case*** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

F. Lee Champion, III
Travis C. Hargrove
PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
1111 Bay Avenue, Third Floor
Columbus, Georgia 31901

/s/ *Dwight D. Lueck*
Dwight D. Lueck (pro hac vice)

Attorney for Defendant
Contextlogic, Inc.

INDS02 DDL 1382226v1

6