IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WISH ATLANTA, LLC, | * | |
| Plaintiff, | * | CIVIL ACTION FILE NUMBER |
| v. | * | 4:14-CV-00051-CDL |
| CONTEXTLOGIC, INC., | * | |
| Defendant. | * | |

### AMENDMENDED AND SUPPLEMENTAL COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTION, DAMAGES AND DAMAGES

Plaintiff, Wish Atlanta, LLC ("Wish Atlanta"), for its Amended Complaint against Defendant, ContextLogic, Inc. ("CLI"), incorporates by reference as if fully restated herein the initial Complaint as if restated in full,[1] and adding the following and alleging as follows:

### COUNT TEN

### Trademark Infringement of Registered Mark

46.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 45 of the Initial Complaint as if set forth fully herein.

47.

By reason of the foregoing use of the CLI Mark, the Defendant has knowingly improperly used in commerce a reproduction, counterfeit, copy or colorable imitation of plaintiff's mark in connection with the sale, offering for sale, distribution, or advertising for services which use has and is likely to continue to cause confusion, or to cause mistake, or to

---

[1] Plaintiff has withdrawn Counts III and IX of the initial Complaint.

deceive. As a result of its actions, Defendant has been, and is currently, infringing upon plaintiff's rights, under its registered marks, under federal trademark law, in violation of the federal Lanham Act, 15 U.S.C. § 1114 and all applicable Federal Trademark Law.

48.

Immediate and irreparable injury will occur unless Defendant's infringing conduct is temporarily, preliminarily and permanently enjoined.

49.

Plaintiff seeks judgment against Defendant for the infringement of its Registered Marks for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages) and profits, and such other further, different relief as the court may deem appropriate for infringement of its registered Marks under all applicable Federal law.

## COUNT ELEVEN

### Unfair Competition - False Designation of Origin – Registered Mark

50.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 45 of the Initial Complaint as if set forth fully herein.

51.

This count arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1114 and concerns Plaintiff's Registered Marks.

52.

Defendant's use of the CLI Mark is a knowingly false description or representation or false designation of origin as to the goods and services offered by it in commerce, which has and

is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with Wish Atlanta, or as to the origin, sponsorship, or approval of Defendant's goods and services by Wish Atlanta.

53.

Wish Atlanta has been and is likely to continue to be damaged by the use of such description or representation.  Wish Atlanta has no adequate remedy at law.

54.

Plaintiff seeks judgment against Defendant for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages and profits pursuant to 15 U.S.C. § 1115), and such other further, different relief as the court may deem appropriate for Unfair Competition and False Designation of Origin of its Registered Marks.

WHEREFORE, plaintiff respectfully prays for judgment against Defendant as follows:

  A. That the court declare, adjudge and decree that the Defendant, by its actions has willfully and knowingly infringed, and is now willfully and knowingly infringing, upon plaintiff's rights under the applicable federal and state trademark law, with the intent to cause confusion, mistake or to deceive.

  B. That Defendant, its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with it be temporarily, preliminarily, and permanently restrained and enjoined as follows:

1. from using the name "Wish", using the Wish Mark or the CLI Mark or any mark similar to the CLI Mark or Wish Mark;

2. from use of the name "Wish" (and any similar marks) in any domain name used by CLI, and terminate the use of any meta tags or key words that use the name "Wish" or any similar wording used in any way to direct traffic to its website;

3. from committing any acts calculated to cause purchasers or consumers to believe that the Defendant's products or services originate with or are produced or sold under the control and supervision of plaintiff, or are affiliated, connected, associated, sponsored, guaranteed or approved by plaintiff;

4. from further diluting and infringing plaintiff's marks and damaging its goodwill; and

5. from otherwise competing unfairly with plaintiff in any manner.

C. That Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees, and attorneys, and all persons acting in concert and participation with them, be ordered to perform the following acts:

1. Destroy and/or revise, as appropriate, any and all marketing and sales materials to delete any use of the CLI Mark (and any marks similar to the Wish Mark);

2. Remove all references to the name "Wish" (and any similar marks) from Defendant's website and App.;

3. Cease and desist from any use of the name "Wish" (and any similar marks) in any domain name or App. used by Defendant, and terminate the use of any meta tags or key words that use the name "Wish" or any similar wording used in any way to direct traffic to Defendant's website;

4. File with this Court and serve on Wish Atlanta's counsel within ten (10) days of the entry of this Order, a report in writing under oath, setting forth the manner and form in which Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees and attorneys, and all persons acting in concert and participation with them have complied with this Order; and

5. Transfer the website wish.com to the Plaintiff.

D. That plaintiff be awarded its costs and attorney's fees.

E. That the court assess Defendants' profits, and the plaintiff be awarded a recovery of Defendants' profits, pursuant to 15 U.S.C. § 1117.

   F. That plaintiff be awarded treble damages under the Lanham Act.

   G. That plaintiff be awarded compensatory and punitive damages under Georgia law.

   H. That plaintiff be granted such further and different relief as the case may require and as the court may deem just and appropriate.

 This 6th day of August, 2015.

         PAGE, SCRANTOM, SPROUSE,
         TUCKER & FORD, P.C.
         Attorney for Plaintiff


         By:/s/ Travis C. Hargrove
          F. Lee Champion, III
          Ga. Bar No.: 120150
          Travis C. Hargrove
          State Bar No. 141374

1111 Bay Avenue, Third Floor
Post Office Box 1199
Columbus, Georgia 31901
(706) 324-0251

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed electronically via CM/ECF a true copy of the within and foregoing **AMENDED COMPLAINT** in the United States District Court for the Middle District of Georgia, with notice of same being electronically served by the CM/ECF system, addressed to the following:

Jeffrey C. Morgan
Barnes & Thornburg, LLP
Prominence in Buckhead
3475 Piedmont Rd. N.E., Suite 1700
Atlanta, GA 30305


Dwight D. Lueck
Barnes & Thornburg, LLP
11 South Meridian St.
Indianapolis, IN 46204

Robert C. Martin, Jr.
David Mize
Hatcher, Stubbs, Land, Hollis
& Rothschild, LLP
P.O. Box 2707
Columbus, GA 31901

       This 6th day of August, 2015.

                                        /s/ Travis C. Hargrove
                                        Counsel for Plaintiff